Shah Peerally (CA Bar No: 230818)
Erich Keefe (CA Bar No: 226746)
LAW OFFICES OF SHAH PEERALLY
4510 Peralta Blvd, Suite 25
Fremont, CA 94536
Telephone: (510) 742-5887
Fax: (510) 742-5877

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kaid K. Mohamed, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) |
| Michael Mukasey, Attorney General of the | ) IMMIGRATION MANDAMUS CASE |
| United States; Michael Chertoff, Secretary of the | ) TO COMPEL DEFENDANTS |
| Department of Homeland Security; Jonathan | ) TO COMPLETE ADJUDICATION |
| Sharfen, Acting Director of United States | ) OF IMMIGRANT PETITION |
| Citizenship & Immigration Services; | ) |
| Robin Barrett, USCIS District | ) |
| Director, Christina Poulos, Director of the | ) |
| California Service, et al; | ) |
| | ) A 34-977-436 |
| | ) WAC-04-073-53754 |
| Defendants | ) |
| | ) |

PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
IMMIGRATION MANDAMUS

COMES NOW Kaid K. Mohamed, Plaintiff in the above-styled and numbered cause, and for

cause of action would show unto the Court the following:

1.     This action is brought against the Defendants to compel further action on a four and one-

half year delayed I-130 petition for classification of Mr. Mohamed's son as an immediate

relative. The petition was properly filed by Mr. Mohamed on or about January 15, 2004,

1

when his son was ten years old. His son is now fifteen years old.

2.     Approving the petition and forwarding it to the National Visa Center is the first step in the process of granting lawful permanent resident status to Mr. Mohamed's son who continues to reside in Yemen, pending the completed processing of Mr. Mohamed's application.

3.     The petition was filed and remains within the jurisdiction of the Defendants, who have improperly and without any explanation withheld final action on the petition to the detriment of Mr. Mohamed and his family.

4.     Mr. Mohamed was informed by USCIS that they approved the petition on March 30, 2006, more than two years after he had filed the petition.  The approval of the petition was itself unreasonably delayed. However, the issue that Mr. Mohamed has faced since that date is that no further action has been taken by the Defendants since the March 30, 2006 approval. Mr. Mohamed's attempt to reunify his family has fallen into a bureaucratic black hole.

5.     This action seeks to compel USCIS to now forward the approved petition to the State Department's National Visa Center for the next step in processing towards lawful permanent residence.

PARTIES

6.     Plaintiff, Kaid K. Mohamed, is a sixty-eight year old, naturalized United States citizen originally from Yemen. Four and one-half years have passed since Mr. Mohamed began the process of bringing his son to the United States as a lawful permanent resident. Defendants, USCIS' website continues to state that the case is pending the scheduling of

2

KAID K. MOHAMED IMMIGRATION MANDAMUS CASE

a standard interview in the San Francisco office. Such an interview is inapplicable to this kind of case in which the beneficiary is outside of the United States. If there is to be an interview prior to the granting of lawful permanent resident status to the Plaintiff's son, that interview must occur in Yemen. However, the case cannot move forward and such an immigrant visa interview cannot be scheduled until the National Visa Center receives the file from USCIS.

7.    Defendant, Michael Mukasey, is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a). The United States Citizenship and Immigration Service is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

8.    Defendant, Michael Chertoff, is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the Department of Homeland Security. The United States Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Secretary of Homeland Security's authority has in part been delegated, and is subject to his supervision.

9.    Defendant, Jonathan Sharfen, is Acting Director of USCIS, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of USCIS and is responsible for timely processing of Plaintiff's petition.

3

KAID K. MOHAMED IMMIGRATION MANDAMUS CASE

10. Defendant, Robin Barrett is San Francisco District Director of the USCIS, and this action is brought against her in his official capacity. She is charged with supervisory authority over all operations of the San Francisco office and is responsible for the proper processing Mr. Mohamed's petition.

11. Christina Poulos is the Director of the California Service Center, and this action is brought against her in her official capacity. She is charged with supervisory authority over all operations of the California Service Center. She is responsible for the proper and timely processing of Mr. Mohamed's petition.

JURISDICTION

12. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 et seq., and 28 U.S.C. §2201 et seq. Relief is requested pursuant to said statutes.

13. The Mandamus act provides that "[T]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Defendants have a clear non-discretionary duty to process Mr. Mohamed's petition and he has a clear right to have Defendants' delay tested for reasonableness.

14. The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

15. The Administrative Procedures Act permits reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

4

KAID K. MOHAMED IMMIGRATION MANDAMUS CASE

## VENUE

16.     Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action

against officers and agencies of the United States in their official capacities, brought in

the District where the Mr. Mohamed resides.

## EXHAUSTION OF REMEDIES

17.     Mr. Mohamed has exhausted his administrative remedies. He has made numerous

inquiries concerning the status of his application, to no avail. Defendants have responded

to the effect that the application remains pending at the San Francisco office, where it

will be scheduled for a standard interview. There are no administrative remedies

remaining for Mr. Mohamed to exhaust, because there is no administrative body to which

he can appeal the refusal of the Defendants to perform their non-discretionary ministerial

duties.

## CAUSE OF ACTION

18.     Mr. Mohamed submitted an I-130 immigrant petition for relative in order to bring his son

from Yemen to the United States as a lawful permanent resident.  His son was ten years

old at the time that the petition was filed. He is now fifteen years old.

19.     Mr. Mohamed's petition has now been delayed for four and one-half years.

20.     Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in

accordance with the law. Defendants have unreasonably delayed in and have refused to

process Mr. Mohamed's petition for four and one-half years, thereby depriving him of the

right to a decision on his son's status and the peace of mind to which he is entitled.

21.     The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 et seq.,

5

are unlawfully withholding or unreasonably delaying action on Mr. Mohamed's petition and have failed to carry out the adminisrative functions delegated to them by law with regard to Mr. Mohamed's case. An Agency has a duty to conclude a matter presented to it within a "reasonable time." Id. § 555(b).  In their December 10, 2007 letter, Defendant, USCIS stated that Mr. Mohamed's petition had been forwarded to the National Visa Center.  However, the National Visa Center has no record of receiving the file and cannot take action on the case.

22.     The relevant immigration regulations are drafted on the assumption that the Defendants will make a decision on each application. 8 C.F.R. §245.6. ("Each applicant for adjustment of status under this part shall be interviewed by an immigration officer."); 8 C.F.R. § 245.2 ("the applicant shall be notified of the decision of the director, and, if the application is denied, the reasons for the denial.") Id. As was stated recently by this Court "there is a difference between the [USCIS's] discretion over how to resolve an application, and the [USCIS's] discretion over whether it resolves an application."  Singh v. Still, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) (emphasis in original).  The resolving of the instant petition requires forwarding it for further processing by the National Visa Center.

23.     Mr. Mohamed has made numerous in-person, written and telephonic status inquiries in an attempt to secure processing of his petition, to no avail. Accordingly, Mr. Mohamed has been forced to retain the services of an attorney to pursue the instant action.

PRAYER

24.     WHEREFORE, in view of the arguments and authority noted herein, Mr. Mohamed

6

respectfully prays that the Defendants be cited to appear herein and that, upon due

consideration, the Court enter an order:

(a)    Requiring Defendants to forward Mr. Mohamed's petition to the National Visa

       Center  within 30 days;

(b)    Awarding Mr. Mohamed reasonable attorney's fees; and


(c).    Granting such other relief at law and in equity as justice may require.




Dated:                                    Respectfully submitted,


                                          _____
                                          Shah Peerally, Esq.
                                          Attorney for Plaintiff


                                          _____
                                          Erich Keefe, Esq.
                                          Attorney for Plaintiff

## LIST OF EXHIBITS

1.    January 21, 2004 Receipt Notice for filing of I-130 Petition;

2.    Case status search stating that the case remains in the San Francisco location;

3.    December 10, 2007 USCIS notice stating that the file has been forwarded to the NVC;

4.    Notice of Approval of Relative Visa Petition dated March 30, 2006;

5.    May 5, 2008 Letter to USCIS written by attorney Christine Stouffer on behalf of Mr.
      Mohamed;

6.    March 28, 2008 Letter to USCIS written by attorney Christine Stouffer on behalf of Mr.
      Mohamed;

7

KAID K. MOHAMED IMMIGRATION MANDAMUS CASE

7.  March 17, 2008 Letter to USCIS written by attorney Christine Stouffer on behalf of Mr. Mohamed;

8.  January 31, 2008 email from The National Visa Center stating that they have searched their records and no information was found regarding Mr. Mohamed's petition;

9.  January 24, 2008 email to The national Visa Center from Attorney Christine Stouffer;

10. December 5, 2007 Letter to USCIS written by attorney Christine Stouffer on behalf of Mr. Mohamed;

11. October 30, 2007 email from Mr. Mohamed to the consulate in Sanaa, Yemen;

12. October 22, 2007 Letter to USCIS written by attorney Christine Stouffer on behalf of Mr. Mohamed.

8

KAID K. MOHAMED IMMIGRATION MANDAMUS CASE

Notice of Action

| RECEIPT NUMBER | CASE TYPE | I130 IMMIGRANT PETITION FOR RELATIVE, |
| WAC-04-073-53754 | FIANCE(E), OR ORPHAN | |

| RECEIVED DATE | PRIORITY DATE | PETITIONER | MOHAMED, WAID F. |
| January 15, 2004 | | A94 977 436 | |

| NOTICE DATE | PAGE | BENEFICIARY | MOHAMED, MOHAMED E. |
| January 21, 2004 | 1 of 1 | | |

WAID F. MOHAMED
P O BOX 424207
SAN FRANCISCO CA 94142

Notice Type: Receipt Notice

Amount received: $ 130.00

Section: Unmarried child (under age 21)
of U.S. Citizen, 201(b) INA

The above petition or petition has been received. It usually takes 90 to 990 days from the date of this receipt for us to process this type of case. Please notify us immediately at any if the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use our automated system 24 hours a day with a touch tone phone to check case status or get information about this case. To the top of this notice

If you have other questions about possible immigration benefits and services, filing information, or immigration INS's forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283.

If you have access to the internet, you can also use it to get information on many immigration services and benefits. Our internet address is www.bcis.gov. On our web site you can get up to date case status information, order INS forms, and find valuable information about immigration services and benefits.



Please see the additional information on the back. You will be notified separately about any other cases you filed.

IMMIGRATION & NATURALIZATION SERVICE
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
Customer Service Telephone: (800) 375-5283

se Status Seal

Receipt Number:    wac0407353754

Application Type:    I130, IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN

Current Status:

This case has been sent for a standard interview.

On April 22, 2004, we transferred this case to our SAN FRANCISCO, CA location to conduct the interview that is a standard part of processing this I130 IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN. You will be sent a notice when the interview is scheduled, or if the office needs something from you. If you move while this case is pending, call customer service. We process cases in the order we receive them. You can use our processing dates to estimate when this case will be done. This case has been sent to our SAN FRANCISCO, CA location. Follow the link below to check processing dates. You can also receive automatic e-mail updates as we process your case. Just follow the link below to register.

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact the USCIS Customer Service at (800) 375  5283 or 1-800-767-1833 (TTY).



U.~~ ~epartment of Homeland Security
630 Sansome Street, Room 300
San Francisco, CA 94111

**U.S. Citizenship
and Immigration
Services**

Monday, December 10, 2007

CHRISTINE STOUFFER
522 VALENCIA STREET
SAN FRANCISCO, CA 94110

RE: I-130                                    WAC-04-073-53754

☐ File is in this office waiting to be scheduled, approximately __ months.

☐ We are unable to give a definite date and time for an interview. You and your client will be notified at least two weeks in advance of the appointment date.

☐ The file has been requested and the case will be reviewed and acted upon when we receive it.

☒ File/Letter has been forwarded to the appropriate Office/Unit (NYC) for action.
Any further inquiries regarding the case should be directed to that Office/Unit.

☐ The application is not under our jurisdiction. The file is located in __ and your inquiry has been forwarded to that office.

☐ The application is not accompanied by a G-28 indicating that you are the attorney of record. Therefore, we are unable to provide you with any information.

☐ You are requested to submit the following documents:
_____ You are granted a period of 90 days from the date of this letter to submit the document(s). Please return this letter with your response.

☐ Documents in your case were requested on __. We are currently reviewing cases in which documents were requested on __.

☐ Documents in your case were requested on __. To date, no response has been received.

☐ Our records show that your case was denied on __. If you wish to obtain a copy of the denial, you may request one through the Freedom of Information Act (FOIA) Unit.

☐ This office is returning your documents. We can't locate your case without an Alien Registration Number.
Please return the enclosed document(s) with your Alien Registration Number.

☐ Your case is currently pending an overseas investigation. Once the results of the investigation are received, you will be notified.

☐ Other: Your case is currently pending for a Rap Sheet. Once the Rap Sheet is received, you will be notified.

Sincerely,

Adjustment of Status

cc:

www.dhs.gov

U.S. Citizenship
and Immigration
Services

U.S. ...artment of Homeland Security
630 Sansome Street
San Francisco, CA 94111

## NOTICE OF APPROVAL OF RELATIVE IMMIGRANT VISA PETITION

NAME AND ADDRESS OF PETITIONER

KAID KASSEM MOHAMED
305 HYDE STREET, APT. 201
SAN FRANCISCO, CA 94109

| NAME OF BENEFICIARY: | |
|---|---|
| MOHAMED KAID MOHAMED | |
| CLASSIFICATION: | FILE NUMBER: |
| 201(b) | WAC-04-073-53754 |
| DATE PETITION FILED: | DATE OF APPROVAL OF PETITION: |
| JANUARY 20, 2004 | MARCH 30, 2006 |

DATE: March 30, 2006

Please be advised that approval of the petition confers upon the beneficiary no appropriate classification. The approval constitutes no assurance that the beneficiary will be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Eligibility for visa issuance is determined only when application therefore is made to a consular officer; eligibility for admission or adjustment is determined only when application is made to an immigration officer. Also, please note the items marked below concerning your petition.

1. ☐ YOUR PETITION TO CLASSIFY THE BENEFICIARY AS AN IMMEDIATE RELATIVE OF A UNITED STATES CITIZEN HAS BEEN FORWARDED TO THE NATIONAL VISA CENTER (NVC). THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THE UNITED STATES CONSULATE WHICH IS UNDER THE SUPERVISION OF THE DEPARTMENT OF STATE, WILL ADVISE THE BENEFICIARY CONCERNING VISA ISSUANCE. *Inquiry concerning visa issuance should be addressed to the NVC. This Service will be unable to answer any inquiry concerning visa issuance.*

2. ☐ IF YOU BECOME NATURALIZED AS A CITIZEN OF THE UNITED STATES AND AN IMMIGRANT VISA HAS NOT YET BEEN ISSUED TO THE BENEFICIARY, NOTIFY THIS OFFICE IMMEDIATELY, GIVING THE DATE OF YOUR NATURALIZATION, AT THE SAME TIME. IF THE PETITION WAS IN BEHALF OF YOUR SON OR DAUGHTER, ALSO ADVISE WHETHER THAT PERSON IS STILL UNMARRIED. THIS INFORMATION MAY EXPEDITE THE ISSUANCE OF A VISA TO THE BENEFICIARY.

3. ☒ YOUR PETITION FOR PREFERENCE CLASSIFICATION AS SHOWN ABOVE, HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT SANAA, YEMEN. THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THIS SERVICE HAS NOTHING TO DO WITH THE ACTUAL ISSUANCE OF VISAS. VISAS ARE ISSUED ONLY BY UNITED STATES CONSULS WHO ARE UNDER THE JURISDICTION OF THE U.S. DEPARTMENT OF STATE. UNDER THE LAW ONLY A LIMITED NUMBER OF VISAS MAY BE ISSUED BY THAT DEPARTMENT DURING EACH YEAR AND THEY MUST BE ISSUED STRICTLY IN THE CHRONOLOGICAL ORDER IN WHICH PETITIONS WERE FILED FOR THE SAME CLASSIFICATION. WHEN THE BENEFICIARY'S TURN IS REACHED ON THE VISA WAITING LIST, THE UNITED STATES CONSUL WILL INFORM HIM AND CONSIDER ISSUANCE OF THE VISA. *Inquiry concerning visa issuance should be addressed to the Consul. This Service will be unable to answer any inquiry concerning visa issuance.*

4. ☐ THE PETITION STATES THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE APPLICATION FOR THIS PURPOSE (FORM I-485) SHOULD BE COMPLETED AND SUBMITTED BY THE BENEFICIARY WITHIN 30 DAYS IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED THEREIN. (IF THE BENEFICIARY HAD PREVIOUSLY SUBMITTED FORM I-485 WHICH WAS RETURNED TO HIM, HE SHOULD RESUBMIT THAT FORM WITHIN 30 DAYS.)

5. ☐ THE BENEFICIARY WILL BE INFORMED OF THE DECISION MADE ON HIS/HER PENDING APPLICATION TO BECOME A LAWFUL PERMANENT RESIDENT (FORM I-485).

6. ☐ THE PETITION STATES THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. HOWEVER, AN IMMIGRANT VISA NUMBER IS NOT PRESENTLY AVAILABLE, THEREFORE, THE BENEFICIARY MAY NOT APPLY TO BECOME A PERMANENT RESIDENT.

7. ☐ ORIGINAL DOCUMENTS SUBMITTED IN SUPPORT OF YOUR PETITION UNACCOMPANIED BY COPIES THEREOF HAVE BEEN MADE A PERMANENT PART OF THE PETITION. ANY OTHERS ARE RETURNED HEREWITH.

8. ☐ REMARKS:

CC:

Sincerely,

David N. Still
District Director

# ARAB AMERICAN LEGAL SERVICES

522 Valencia Street ▫ San Francisco, CA ▫ 94110 ▫ Tel: 415-861-7444 ▫ Fax: 415-840-0078

*VIA FACSIMILE*

USCIS San Francisco District Office
ATTN: Carol Keller, Section Chief, Adjustments
630 Sansome Street
San Francisco, CA 94111

May 5, 2008

RE:    **EXTREME DELAY/LOST FILE - UNANSWERED INQUIRIES**

**Immigrant Relative Visa Petition of:**

| | |
|---|---|
| U.S.C. Petitioner: | **Mr. Kaid Kassem MOHAMED** |
| Beneficiary Son: | **Mr. Mohamed Kaid MOHAMED** |
| Beneficiary's D.O.B.: | **04/29/1993USCIS** |
| Receipt: | **WAC-04-073-53754** |
| Priority Date: | **March 30, 2006** |

Dear Ms. Keller,

I represent Mr. Mohamed through the non-profit AALS and my G-28 has accordingly been previously filed with your office. I am writing again, following an unanswered fax addressed to you sent March 28, 2008, and before that an InfoPass inquiry on February 21, 2008. At that time I was not given a referral number though I requested one. My client and I appeared in person before the officer at Window #3. After copying the documents I brought, the gentleman indicated he, or someone else from USCIS would contact me within one week. Now it has not only been well over two months that I have received no response from him, but my fax and follow up phone call to you have also gone unanswered.

Briefly, the USCIS issued a Notice of Approval under classification section 201(b) dated March 30, 2006 and indicated that such approval would be forwarded to the U.S. Embassy in Sana'a, Yemen. As Mr. Mohamed's petition is approved under INA § 201(b)(2)(A)(i), he is an immediate relative who is not subject to the worldwide levels or numerical limitations. Mr. Mohamed was apparently called to an interview in San Francisco at some point, and there has been no movement on the case since that time.

ARAB AMERICAN LEGAL SERVICES

522 Valencia Street □ San Francisco, CA □ 94110 □ Tel: 415-861-7444 □ Fax: 415-840-0078

# FAX TRANSMISSION

To:   USCIS San Francisco District Office
      ATTN: Carol Keller, Section Chief
      630 Sansome Street
      San Francisco, CA 94111
      Fax: 415-844-5693

From: Christine Stouffer, Staff Attorney
      AALS
      Tel: (510) 381-3640    * Please use this number to reach me directly.

RE: EXTREME DELAY/LOST FILE

March 28, 2008

RE:  Immigrant Relative Visa Petition of:
     U.S.C. Petitioner:        Mr. Kaid Kassem MOHAMED
     Beneficiary Son:          Mr. Mohamed Kaid MOHAMED
     Beneficiary's D.O.B.:     04/29/1993/USCIS
     Receipt:                  WAC-04-073-53754
     Priority Date:            March 30, 2006

Dear Ms. Keller,

I represent Mr. Mohamed through the non-profit AALS and my G-28 has accordingly been previously filed. I am writing following, most recently, an InfoPass inquiry on February 21, 2008. My client and I appeared in person before the officer at Window #3. After copying the documents I brought, this gentleman indicated he, or someone else from USCIS would contact me within one week. Now it has been well over one month and I have received no response.

Briefly, the USCIS issued a Notice of Approval under classification section 201(b) dated March 30, 2006 and indicated that such approval would be forwarded to the U.S. Embassy in Sana'a, Yemen. As Mr. Mohamed's petition is approved under INA § 201(b)(2)(A)(i), he is an immediate relative who is not subject to the worldwide levels or numerical limitations. Mr. Mohamed was apparently called to an interview in San Francisco at some point, and there has been no movement on the case since that time.

arabamericanlegal@gmail.com

After several inquiries, your office sent a letter dated December 10, 2007 stating that Mr. Mohamed's "File/Letter has been forwarded to the appropriate Office/Unit (NVC) for action." Unfortunately, as of today, and several inquiries by both phone and email, the NVC still has no information regarding this case according to their phone records. Please also see copy of January 31, 2008 email from the NVC indicating that they did not have Mr. Mohamed's file. (*Copies of these correspondence attached*). It appears likely that the San Francisco Office never sent the file, or has otherwise misplaced this file.

I very much look forward to hearing from you where this file is located and what can be done to expedite processing of Mr. Mohamed's case.

Thank you in advance for your assistance.

Sincerely,

Christine Stouffer

This fax transmittal contains ___ pages including this cover sheet. Should there be any problems with the transmission, please call (510) 381-3840. Thank you

The foregoing communication and any accompanying attachments are intended only for the use of the addressee, unless otherwise specified, and may contain information that is privileged, confidential, and exempt from disclosure. If you are not the intended recipient, please be advised that any dissemination, distribution, or copying of this communication or its attachments is strictly prohibited. If you have received this communication in error, please notify the addressee immediately by e-mail, fax, or telephone

arabamericanlegal@gmail.com

**ARAB AMERICAN LEGAL SERVICES**

522 Valencia Street □ San Francisco, CA □ 94110 □ Tel: 415-861-7444 □ Fax: 415-840-0073

*VIA PRIORITY MAIL*

USCIS San Francisco District Office
ATTN: I-130 Consular Processing
630 Sansome Street
San Francisco, CA 94111

March 17, 2008

RE: __Immigrant Relative Visa Petition of:__

| | |
|---|---|
| **U.S.C. Petitioner:** | Mr. Kaid Kassem MOHAMED |
| **Beneficiary Son:** | Mr. Mohamed Kaid MOHAMED |
| **Beneficiary's D.O.B.:** | 04/29/1993 USCIS |
| **Receipt:** | WAC-04-073-53754 |
| **Priority Date:** | March 30, 2006 |

Dear San Francisco Adjustment Officer,

My G-28 is on file and I am writing following, most recently, an InfoPass inquiry on February 21, 2008. My client and I appeared in person and the officer indicated USCIS would contact me within one week. As I have heard nothing in over three weeks, I am writing to follow up.

Briefly, the USCIS issued a Notice of Approval under classification section 201(b) dated March 30, 2006 and indicated that such approval would be forwarded to the U.S. Embassy in Sana'a, Yemen. As Mr. Mohamed's petition is approved under INA § 201(b)(2)(A)(i), he is an immediate relative who is not subject to the worldwide levels or numerical limitations. Mr. Mohamed was apparently called to an interview in San Francisco at some point, and there has been no movement on the case since that point in time.

After several inquiries, your office sent me a letter dated December 10, 2007 stating that Mr. Mohamed's "File/Letter has been forwarded to the appropriate Office/Unit (NVC) for action." Unfortunately, as of January 31, 2008, the NVC had no information regarding this case. *(Copies of these correspondences are included).*

I very much look forward to hearing from you to know how the USCIS is actively processing Mr. Mohamed's case.

Thank you in advance for your assistance.

Sincerely,

Christine Stouffer

Enclosures

arabamericanlegal@gmail.com

http://...Lipail.yahoo.com/dc/launch?.receacrm1

From: NVC Inquiry (NVCInquiry@state.gov)
To: Christine Stouffer
Date: Thursday, January 31, 2008 10:54:16 AM
Subject: RE: WAC-04-073-53754 MOHAMED, Kaid Kassem

＞ Printed in NVC
2/19/2008 – No receipt of 06
        clase.
3/2?/08 – No receipt 06
        Case.

Good afternoon,

The National Visa Center has received your inquiry regarding WAC046073-53754. After searching our
records, no information was found regarding this case. Please contact U.S. Citizenship and
Immigration Services (CIS- formerly known as INS) to verify the status of this petition.

Regards
National Visa Center
I2C

From: Christine Stouffer [mailto:cms_immigration@yahoo.com]
Sent: Thursday, January 24, 2008 6:26 PM
To: NVC Inquiry
Subject: WAC-04-073-53754 MOHAMED, Kaid Kassem

RE:   Immigrant Relative Visa Petition of:
    U.S.C. Petitioner:        Mr. Kaid Kassem MOHAMED
    Beneficiary Son:          Mr. Mohamed Kaid MOHAMED
    Beneficiary's D.O.B.:     04/29/1993
    USCIS Receipt             WAC-04-073-53754
    Priority Date:            March 30, 2006

Dear National Visa Center Officer,

I represent the above-named Petitioner pro bono through the non-profit Arab American Legal
Services and a G-28 should be on file as it was sent to the San Francisco U.S.C.I.S. On December 10,
2007, the San Francisco U.S.C.I.S. office sent a letter stating that the file had been forwarded to the
National Visa Center for processing.

Can you please confirm whether this file has been received? If you did receive the file, can you also
confirm that it is being processed?

Thank you in advance for your assistance.

Christine Stouffer

After several inquiries, your office sent a letter dated December 10, 2007 stating that Mr. Mohamed's "File/Letter has been forwarded to the appropriate Office/Unit (NVC) for action." **Unfortunately, as of today, and several recent inquiries by both phone and email, the NVC still has no information regarding this case according to their phone records.** Please also see copy of January 31, 2008 email from the NVC indicating that they did not have Mr. Mohamed's file. (*Copies of these correspondences attached*). It appears likely that the San Francisco Office never sent the file, or has otherwise misplaced this file.

I very much look forward to hearing from you where this file is located and what can be done to expedite processing of Mr. Mohamed's case.

Thank you in advance for your assistance.

Sincerely,

Christine Stouffer

arabamericanlegal@gmail.com

2

http://us.mg1.mail.yahoo.com/dc/launch?.rand=6bf64h4rpg4

**From:** Christine Stouffer (cms_immigration@yahoo.com)
**To:** nvcinquiry@state.gov
**Date:** Thursday, January 24, 2008 3:26:22 PM
**Subject:** WAC-04-073-53754 MOHAMED, Kaid Kassem

RE:    Immigrant Relative Visa Petition of:

| | |
|---|---|
| U.S.C. Petitioner: | Mr. Kaid Kassem MOHAMED |
| Beneficiary Son: | Mr. Mohamed Kaid MOHAMED |
| Beneficiary's D.O.B. : | 04/29/1993 |
| USCIS Receipt: | WAC-04-073-53754 |
| Priority Date: | March 30, 2006 |

Dear National Visa Center Officer,

I represent the above-named Petitioner *pro bono* through the non-profit Arab American Legal Services and a G-28 should be on file as it was sent to the San Francisco U.S.C.I.S. On December 10, 2007, the San Francisco U.S.C.I.S. office sent a letter stating that the file had been forwarded to the National Visa Center for processing.

Can you please confirm whether this file has been received? If you did receive the file, can you also confirm that it is being processed?

Thank you in advance for your assistance.

Christine Stouffer

## ARAB AMERICAN LEGAL SERVICES

522 Valencia Street ◊ San Francisco, CA ◊ 94110 ◊ Tel: 415-861-7444 ◊ Fax: 415-840-0078

*VIA PRIORITY MAIL*

USCIS San Francisco District Office
ATTN: Adjustment Unit
630 Sansome Street
San Francisco, CA 94111

December 5, 2007

RE:    **Immigrant Relative Visa Petition of:**
     **U.S.C. Petitioner:**    Mr. Kaid Kassem MOHAMED
     **Beneficiary/Son:**    Mr. Mohamed Kaid MOHAMED
     **Beneficiary's D.O.B.:**    04/29/1993USCIS
     **Receipt:**    WAC-04-073-53754
     **Priority Date:**    March 30, 2006

Dear San Francisco Adjustment Officer,

I am writing following an unanswered fax of October 22, 2007 and phone message of November 5, 2007. I am writing under the auspices of Arab American Legal Services, a non-profit organization in San Francisco, California. Mr. Kaid Kassem Mohamed has requested our assistance to determine what is causing the delay in processing his son's visa petition.

Briefly, the U.S.C.I.S. issued a Notice of Approval under classification section 201(b) dated March 30, 2006 and indicated that such approval would be forwarded to the U.S. Embassy in Sana'a, Yemen. As Mr. Mohamed's petition is approved under INA § 201(b)(2)(A)(i), he is an immediate relative who is not subject to the worldwide levels or numerical limitations.

The recent U.S.C.I.S. online case status service indicates that "**On April 22, 2004, we transferred the case to our SAN FRANCISCO, CA location to conduct the interview..."** *(Please see attached copy).* The Petitioner's minor son is not within the U.S., but is in Yemen awaiting his interview at the Sana'a Consulate.

I would be most grateful if you could help shed light into what is causing the delay in processing Mr. Mohamed's case. Could you kindly confirm whether Mr. Mohamed's file is or is not indeed in San Francisco? If it is, could you please inform me of the status of Mr. Mohamed's case? Please also indicate what we can do to work together to process Mr. Mohamed's Immigrant Visa in the most expeditious manner possible to reunite this father and son.

Thank you in advance for your assistance.

Sincerely,

Christine Stouffer

Enclosures

arabamericanlegal@gmail.com

Yahoo! Mail - myemailaccount888@yahoo.com

Page 1 of 1

# YAHOO! MAIL

Print - Close Window

**Subject:** FW: Mohamed Kaid Mohamed / Immigrant Visa

**Date:** Tue, 30 Oct 2007 15:41:50 +0300

**From:** "Sanaa Consular" <consularsanaa@state.gov>

**To:** myemailaccount888@yahoo.com

Dear Mr. Mohamed,

Please reply with your son's file number (the SAA#), his full name and date of birth. We will research the situation and update you.

Best regards,

Vice Consul, U.S. Embassy
Sanaa, Yemen

---

**From:** My Email [mailto:myemailaccount888@yahoo.com]
**Sent:** Monday, October 29, 2007 11:29 PM
**To:** Sanaa Consular
**Subject:** Mohamed Kaid Mohamed / Immigrant Visa

To Whom It May Concern:

I, Kaid Kassem Mohamed, a U.S. citizen, am writing concerning a relative immigrant visa petition filed on behalf of my son, Mohamed Kaid Mohamed whose receipt # WAC-04-073-53754. This petition was approved on March 30, 2006 and forwarded to the U.S. Consulate at Sanaija, Yemen.

It has been over a year and I have yet to receive any notification from the Consulate in Sanaija, Yemen regarding the further processing of the above mentioned. Could you kindly look into this matter?

Thank you for your kind attention.

Sincerely yours,
Kaid Kassem Mohamed
305 Hyde Street, Apt. #201
San Francisco, CA 94109
(415) 645-3344

Do You Yahoo!?
Tired of spam? Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

**ARAB AMERICAN LEGAL SERVICES**

522 Valencia Street □ San Francisco, CA □ 94110 ⸱ Tel: 415-861-7444 □ Fax: 415-840-0078

*Via Facsimile*

RE: I-130 Immigrant Relative Visa Petition of:

| | |
|---|---|
| U.S.C. Petitioner: | Mr. Kaid Kassem MOHAMED |
| Beneficiary Minor Son: | Mr. Mohamed Kaid MOHAMED |
| Beneficiary's D.O.B. : | 04/29/1993 |
| USCIS Receipt: | WAC-04-073-53754 |
| I-130 Approved: | March 30, 2006 |

October 22, 2007

Dear San Francisco Adjustment Officer,

I am an immigration attorney writing under the auspices of Arab American Legal Services, a non-profit organization in San Francisco, California. Mr. Kaid Kassem Mohamed has requested our assistance to determine what is causing the delay in processing his son's visa petition. U.S.C.I.S. issued a Notice of Approval of the I-130 under classification section 201(b) dated March 30, 2006 and indicated that such approval would be forwarded to the U.S. Embassy to Sana'a, Yemen.

The USCIS online case status, however, indicates that the file is located in San Francisco to be set for a standard interview. The Petitioner's minor son is not within the United States, but is in Yemen and therefore his interview should be scheduled at the United States Consulate in Sana'a, Yemen.

I would be most grateful if you could help shed light into whether the file is indeed located in San Francisco. If so, could you please ensure that the file is forwarded to the Consulate in Sana'a so that Mr. Mohamed's minor son's case can be process in as expeditious a manner as possible, especially considering he is an Immediate Relative and the case was approved over a year and a half ago.

Thank you very much, and I look forward to your response.

Sincerely,

Christine Stouffer

arabamericanlegal@gmail.com